FILED
Clerk
District Court

JUN - 6 2007

For The Northern Mariana Islands
By
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| UNITED STATES of AMERICA, | Case No.: No. 07-00008 |
| Plaintiff, | **DETENTION ORDER** |
| v. | Hearing Date: May 31, 2007 |
|  | Hearing Time: 9:00 a.m. |
|  | Judge: Hon. Alex R. Munson |
| JEFFREY H. BORJA, |  |
| Defendant. |  |

The charges in this case involve an offense for which the maximum term of imprisonment is ten (10) years or more as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* 18 U.S.C. § 3142(f)(1)(C). This case also involves a serious risk that the defendant will flee the jurisdiction and not appear for further proceedings. 18 U.S.C. § 3142(f)(2)(A).

On May 31, 2007, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) on the government's motion to detain the defendant pending trial. Having considered the Indictment, other information presented by the government, as well as the representations of counsel, the Court hereby makes the following findings of fact and states its reasons for detaining the defendant.

## FINDINGS OF FACT

1.     On or about May 4, 2007, a grand jury sitting in this District returned an Indictment charging the defendant with distribution of methamphetamine in the form commonly

known as "ice." The Indictment alleges that Defendant committed the offense within one thousand feet (1000') of a school on the island of Tinian.

2.    The purchase of drugs from the defendant was accomplished through the use of a cooperating witness. Though recordings of that meeting are no longer available, Defendant had confessed to being involved in the distribution with which he is charged as well as the distribution of ice on other occasions.

3.    Defendant resides on Tinian, but has no telephone and presently has no other means of remaining in contact with the Probation Office. He is also unemployed.

4.    Pursuant to 18 U.S.C. § 3142(e), the Court also finds that there is no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person or the community.

## REASONS FOR DETENTION

In making its determination to detain the defendant pending trial, the Court has taken into account available information concerning and has considered the several factors enumerated in 18 U.S.C. § 3142(g). Having done so, the Court finds that:

(1)    The nature and circumstances of the offense charged in this case are very serious. The offense is one for which the maximum prescribed penalty is more than ten (10) years. If convicted, the defendant is facing at least a mandatory minimum of one year in jail under 21 U.S.C. § 860.

(2)    The weight of the evidence is considerable. The transactions in which the defendant is alleged to have been involved took place under the surveillance of law enforcement agents. Defendant has made significant admissions to law enforcement officers acknowledging his commission of this offense as well as being involved in distribution of ice on other occasions.

(3)    Defendant's activity involved the distribution of an extraordinarily dangerous and highly addictive controlled substance that has had a devastating effect on the CNMI community. In this instance, the conduct occurred near a school, placing young people at risk. The activity in which the defendant was involved continues to pose a significant risk to the community as a whole and his release into the community would only heighten that risk.

For all of these reasons, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Accordingly, it should be and hereby is:

**ORDERED** that the defendant be detained pending further proceedings in this matter; and it is further

**ORDERED** that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and it is further

**ORDERED** that the defendant be afforded reasonable opportunity for private consultation with counsel; and it is further

**ORDERED** that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined to deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED

6 – 1 – 07
_____
Date

_____
ALEX R. MUNSON
United States District Court Judge

3