LEONARDO M. RAPADAS
United States Attorney
CRAIG N. MOORE
Assistant U.S. Attorney
District of the Northern
        Mariana Islands
Horiguchi Bldg.; Ste. 300
P.O. Box 500377
Saipan, MP  96950

Tel:  (670) 236-2980
Fax: (670) 236-2985

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

UNITED STATES of AMERICA,

                    Plaintiff,

            v.

JEFFREY H. BORJA,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:    07-00008

**GOVERNMENT'S PROPOSED
JURY INSTRUCTIONS**

Trial Date:    July 2, 2007
Trial Time:    9:00 a.m.
Trial Judge:   Hon. Alex R. Munson

The United States hereby submits its proposed jury instructions in the above-referenced case.

Respectfully Submitted,

LEONARDO M. RAPADAS
United States Attorney

CRAIG N. MOORE
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE NORTHERN MARIANA ISLANDS**

_____

UNITED STATES of AMERICA,

                Plaintiff,

     v.

JEFFREY H. BORJA,

               Defendant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:    07-00008

**JURY INSTRUCTIONS**

Trial Date:   July 2, 2007
Trial Time:   9:00 a.m.
Trial Judge:   Hon. Alex R. Munson

_____

ALEX R. MUNSON
United States District Court Judge

Dated: _____

# TABLE OF CONTENTS

**Page**

1.     FUNCTION OF JURY   ……………………………………  1

2.     THE UNITED STATES AS A PARTY   ………………………  2

3.     INDICTMENT IS NOT EVIDENCE   …………………………..  3

4.     RIGHT NOT TO TESTIFY   …………………………………  4

5.     PRESUMPTION OF INNOCENCE   …………………………  5

6.     BURDEN OF PROOF   ……………………………...............  6

7.     REASONABLE DOUBT:   DEFINITION   ……………………  7

8.     EVIDENCE:  DEFINITION   …………………………………  8

9.     EVIDENCE:  WHAT IS NOT EVIDENCE   …………..............  9

10.     EVIDENCE:  DIRECT AND
                  CIRCUMSTANTIAL EVIDENCE   ….................  11

11.     CONSIDERATION OF EVIDENCE   …………………..……..  12

12.     EVIDENCE:   EXPERT WITNESS   ............................................  14

13.     EVIDENCE:   STATEMENTS BY DEFENDANT…………….  15

14.     CHARGES IN THE INDICTMENT:
        DISTRIBUTION OF A CONTROLLED SUBSTANCE………..  16

15.     CHARGES IN THE INDICTMENT:
        DISTRIBUTION WITHIN 1000' OF A SCHOOL ……………  17

16.     DISTRIBUTION:   ELEMENTS OF THE OFFENSE ………..  18

17.     WITHIN 1000' OF A SCHOOL:
        ELEMENTS OF THE OFFENSE   …………………………  20

18.     KNOWINGLY:   DEFINITION…………………………….…..  21

19.     TRIAL ON CHARGES IN THE INDICTMENT …………….  22

**Page**

20.    **ON OR ABOUT:    DEFINITION** …………………………….    **23**

21.    **CONDUCT OF DELIBERATIONS** …………………………….    **24**

22.    **JUROR NOTES** …………………………………………......    **26**

23.    **PUNISHMENT IRRELEVANT** …………………….............    **27**

24.    **BASIS OF VERDICT** …………………………………….    **28**

25.    **VERDICT FORM** ……………………………….............    **29**

26.    **COMMUNICATION WITH THE COURT** ………………….    **30**

## 1.  FUNCTION OF JURY

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE.  A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU WILL APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. YOU MUST NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING THE COURT MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN -- THAT IS A MATTER ENTIRELY UP TO YOU.

2.     THE UNITED STATES AS A PARTY

YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY.  YOU ARE TO PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY.  THE CASE IS IMPORTANT TO THE GOVERNMENT FOR THE ENFORCEMENT OF CRIMINAL LAWS IS A MATTER OF PRIME IMPORTANCE TO THE COMMUNITY.  EQUALLY, IT IS IMPORTANT TO THE DEFENDANT WHO IS CHARGED WITH SERIOUS CRIMES.  THE FACT THAT THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES OF AMERICA ENTITLES THE GOVERNMENT TO NO GREATER CONSIDERATION THAT THAT ACCORDED TO ANY OTHER PARTY TO A LITIGATION.  BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS CONSIDERATION.  ALL PARTIES, WHETHER THE GOVERNMENT OR INDIVIDUALS, STAND AS EQUALS AT THE BAR OF JUSTICE.

### 3.    INDICTMENT IS NOT EVIDENCE

THE INDICTMENT IS NOT EVIDENCE. THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGE.  THE DEFENDANT IS PRESUMED TO BE INNOCENT AND DOES NOT HAVE TO TESTIFY OR PRESENT ANY EVIDENCE TO PROVE INNOCENCE. THE GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT OF THE CHARGE BEYOND A REASONABLE DOUBT.

4.    RIGHT NOT TO TESTIFY


A DEFENDANT IN A CRIMINAL CASE HAS A CONSTITUTIONAL

RIGHT NOT TO TESTIFY.   NO PRESUMPTION OF GUILT MAY BE

RAISED, AND NO INFERENCE OF ANY KIND MAY BE DRAWN, FROM

THE FACT THAT THE DEFENDANT DID NOT TESTIFY.

## 5.    PRESUMPTION OF INNOCENCE

AS I TOLD YOU AT THE OUTSET OF THE TRIAL, THIS IS A CRIMINAL CASE IN WHICH THE DEFENDANT IS CHARGED WITH VIOLATING CERTAIN LAWS OF THE UNITED STATES.  THE CHARGES, HOWEVER, ARE ONLY ALLEGATIONS.   THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THOSE CHARGES UNLESS AND UNTIL YOU, THE JURY, FIND BEYOND A REASONABLE DOUBT THAT DEFENDANT IS GUILTY OF ANY OFFENSE ALLEGED IN THE INDICTMENT.

6.     BURDEN OF PROOF


IN A CRIMINAL CASE, THE GOVERNMENT ALWAYS HAS THE

BURDEN OF PROOF.  TO OVERCOME THE PRESUMPTION OF

INNOCENCE AND PROVE THE DEFENDANT GUILTY OF AN OFFENSE,

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT

EACH AND EVERY ELEMENT OF THAT OFFENSE AS CHARGED IN THE

INDICTMENT.

## 7.    REASONABLE DOUBT

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY.  IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE AND IS NOT BASED PURELY ON SPECULATION.  IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

IF, AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT NOT GUILTY.  ON THE OTHER HAND, IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT GUILTY.

8.    EVIDENCE:   DEFINITION


THE EVIDENCE FROM WHICH YOU ARE TO DECIDE THE FACTS

OF THIS CASE ARE:

1)    THE SWORN TESTIMONY OF ANY WITNESS;

2)    THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO

EVIDENCE;

3)    ANY FACTS TO WHICH THE LAWYERS HAVE

STIPULATED;  AND

4)    ANY FACTS OF WHICH THE COURT HAS TAKEN

JUDICIAL NOTICE.

9.    EVIDENCE:    WHAT IS NOT EVIDENCE

IN REACHING YOUR VERDICT, YOU MAY CONSIDER ONLY THE EVIDENCE THAT THE COURT HAS RECEIVED, THAT IS, THE TESTIMONY, EXHIBITS, AND ANY STIPULATIONS.  CERTAIN THINGS, HOWEVER, ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING THE FACTS.  I WILL LIST THEM FOR YOU:

1)    ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. WHAT THEY SAY IN THEIR OPENING STATEMENTS, CLOSING ARGUMENTS, AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE. IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS STATE THEM, YOUR MEMORY OF THEM CONTROLS.

2)    QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY THE QUESTION, THE OBJECTION, OR THE COURT'S RULING ON IT.

3)     TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED.   IN ADDITION, SOME TESTIMONY AND EXHIBITS HAVE BEEN RECEIVED ONLY FOR A LIMITED PURPOSE; WHERE I HAVE GIVEN A LIMITING INSTRUCTION, YOU MUST FOLLOW IT.

4)     ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE. YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.

10.   EVIDENCE:   DIRECT AND CIRCUMSTANTIAL

THERE ARE TWO KINDS OF EVIDENCE, DIRECT AND CIRCUMSTANTIAL.  DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY OF AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE, THAT IS, PROOF OF A CHAIN OF FACTS FROM WHICH YOU COULD FIND THAT ANOTHER FACT EXISTS, EVEN THOUGH IT HAS NOT BEEN PROVED DIRECTLY. YOU ARE TO CONSIDER BOTH KINDS OF EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

## 11.    CONSIDERATION OF THE EVIDENCE

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1)    THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

2)    THE WITNESS' MEMORY;

3)    THE WITNESS' MANNER WHILE TESTIFYING;

4)    THE WITNESS' INTEREST IN THE OUTCOME OF THE CASE AND ANY BIAS OR PREJUDICE;

5)    WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS' TESTIMONY;

6)    THE REASONABLENESS OF THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE; AND

7)    ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

## 12.    EVIDENCE:  EXPERT WITNESS

YOU HAVE HEARD TESTIMONY FROM A PERSON WHO, BECAUSE OF EDUCATION OR EXPERIENCE, IS PERMITTED TO STATE OPINIONS AND THE REASONS FOR THEM.

OPINION TESTIMONY SHOULD BE JUDGED JUST LIKE ANY OTHER TESTIMONY.  YOU MAY ACCEPT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.

13.    EVIDENCE:  STATEMENTS BY DEFENDANT


YOU HAVE HEARD TESTIMONY THAT THE DEFENDANT MADE

CERTAIN STATEMENTS.  IT IS FOR YOU TO DECIDE

1)    WHETHER THE DEFENDANT MADE ANY STATEMENT; AND

2)    IF SO, HOW MUCH WEIGHT TO GIVE IT.

IN MAKING THOSE DECISIONS, YOU SHOULD CONSIDER ALL OF

THE EVIDENCE ABOUT THE STATEMENT, INCLUDING THE

CIRCUMSTANCES UNDER WHICH IT MAY HAVE BEEN MADE.

14.    CHARGES IN THE INDICTMENT:
DISTRIBUTION OF A CONTROLLED SUBSTANCE


TITLE 21, UNITED STATES CODE, SECTION 841(a)(1) MAKES IT

UNLAWFUL FOR ANY PERSON KNOWINGLY  –


"TO ... DISTRIBUTE ... A CONTROLLED SUBSTANCE."

15.    CHARGES IN THE INDICTMENT:
DISTRIBUTION WITHIN ONE THOUSAND FEET OF A SCHOOL

TITLE 21, UNITED STATES CODE, SECTION 860(a) ALSO MAKES IT UNLAWFUL FOR ANY PERSON KNOWINGLY TO VIOLATE 21 U.S.C. § 841(a)(1) BY

"DISTRIBUTING … A CONTROLLED SUBSTANCE IN, ON, OR WITHIN ONE THOUSAND FEET OF, THE REAL PROPERTY COMPRISING A PUBLIC OR PRIVATE ELEMENTARY SCHOOL."

16.    DISTRIBUTION:  ELEMENTS OF THE OFFENSE

COUNT  1  OF THE INDICTMENT CHARGES THAT ON OR ABOUT NOVEMBER 14, 2006 DEFENDANT, JEFFREY H. BORJA, DISTRIBUTED A CONTROLLED SUBSTANCE, THAT IS, A QUANTITY OF D-METHAMPHETAMINE HYDROCHLORIDE IN THE FORM COMMONLY KNOWN AS "ICE.

THE OFFENSE OF DISTRIBUTION OF A CONTROLLED SUBSTANCE, THAT IS, D-METHAMPHETAMINE HYDROCHLORIDE IN THE FORM COMMONLY KNOWN AS "ICE," HAS TWO ELEMENTS:

1)    THAT DEFENDANT KNOWINGLY DELIVERED A CONTROLLED SUBSTANCE, THAT IS, D-METHAMPHETAMINE HYDROCHLORIDE IN THE FORM COMMONLY KNOWN AS "ICE," OR SOME OTHER PROHIBITED DRUG; AND

2)    THAT DEFENDANT KNEW THAT IS WAS D-METHAMPHETAMINE HYDROCHLORIDE IN THE FORM COMMONLY KNOWN AS "ICE," OR SOME OTHER PROHIBITED DRUG.

IT DOES NOT MATTER WHETHER THE DEFENDANT KNEW THAT THE SUBSTANCE WAS METHAMPHETAMINE.  IT IS SUFFICIENT THAT THE DEFENDANT KNEW THAT IT WAS SOME KIND OF A PROHIBITED DRUG.

17.    WITHIN 1000' OF A SCHOOL:
ELEMENTS OF THE OFFENSE


COUNT  1  OF THE INDICTMENT ALSO CHARGES DEFENDANT WITH DISTRIBUTION OF A CONTROLLED SUBSTANCE, THAT IS D-METHAMPHETAMINE HYDROCHLORIDE IN THE FORM COMMONLY KNOWN AS "ICE" IN, ON, OR WITHIN ONE THOUSAND FEET OF, THE REAL PROPERTY COMPRISING A PUBLIC OR PRIVATE SCHOOL.

THIS OFFENSE HAS AS AN ELEMENT IN ADDITION TO THOSE OF DISTRIBUTION OF A CONTROLLED SUBSTANCE THAT THE DELIVERY OF THE CONTROLLED SUBSTANCE TAKE PLACE IN A SCHOOL, ON THE REAL PROPERTY ON WHICH THE SCHOOL IS LOCATED, OR WITHIN ONE THOUSAND FEET OF SUCH REAL PROPERTY.

18 .  KNOWINGLY:  DEFINITION

AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS AWARE OF THE ACT AND DOES NOT ACT THROUGH IGNORANCE, MISTAKE, OR ACCIDENT.  THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HIS ACTS OR OMISSIONS WERE UNLAWFUL. YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S WORDS, ACTS, OR OMISSIONS, ALONG WITH ALL THE OTHER EVIDENCE, IN DECIDING WHETHER THE DEFENDANT ACTED KNOWINGLY.

19.    TRIAL ON CHARGES IN INDICTMENT


THE DEFENDANT IS ON TRIAL ONLY FOR THE CRIME CHARGED IN THE INDICTMENT, NOT FOR ANY OTHER ACTIVITIES.

20.     ON OR ABOUT:  DEFINITION


NOW, I WANT TO SAY A WORD ABOUT THE DATE MENTIONED IN THE INDICTMENT.

THE INDICTMENT CHARGES THAT THE CRIME OCCURRED ON APPROXIMATELY A CERTAIN DATE.  THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CRIMES HAPPENED ON THAT EXACT DATE.  BUT THE GOVERNMENT MUST PROVE THAT THE CRIME OCCURRED REASONABLY CLOSE TO THAT DATE.

21.    CONDUCT OF DELIBERATIONS

WHEN YOU BEGIN YOUR DELIBERATIONS, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION.

DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND

EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

## 22.    JUROR NOTES


SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL. WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID.  NOTES ARE ONLY TO ASSIST YOUR MEMORY. YOU SHOULD NOT BE OVERLY INFLUENCED BY THE NOTES.

23.    PUNISHMENT IRRELEVANT


THE PUNISHMENT PROVIDED BY LAW FOR THIS CRIME IS FOR THE COURT TO DECIDE. YOU MAY NOT CONSIDER PUNISHMENT IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANTS BEYOND A REASONABLE DOUBT.

## 24.    BASIS OF VERDICT

YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS. HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE—THAT IS ENTIRELY FOR YOU TO DECIDE.

25.    VERDICT FORM

A VERDICT FORM HAS BEEN PREPARED FOR YOU.  AFTER YOU

HAVE REACHED UNANIMOUS AGREEMENT ON A VERDICT, YOUR

FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO

YOU, SIGN AND DATE IT, AND ADVISE THE BAILIFF THAT YOU ARE

READY TO RETURN TO THE COURTROOM.

## 26.    COMMUNICATION WITH THE COURT


IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY.  NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING, AND I WILL RESPOND TO THE JURY CONCERNING THE CASE ONLY IN WRITING, OR HERE IN OPEN COURT.  IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE LAWYERS BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME.  YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE— INCLUDING ME—HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE GUILT OF THE DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.